UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Court Officer Gregory Saffady,

    Plaintiff,

v.                                                               Honorable Sean F. Cox

Chase Home Finance, Inc., *et al.*,                   Case No. 10-11965

    Defendants.
_____/

**OPINION & ORDER
SETTING FORTH RULINGS ON SEVERAL PENDING MOTIONS
AND ORDERING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT
BE IMPOSED AGAINST PLAINTIFF AND/OR PLAINTIFF'S COUNSEL**

On May 14, 2010, Plaintiff Gregory Saffady ("Plaintiff" or "Saffady") filed this action against Defendants Chase Home Finance, Inc. ("Chase") and PNC Financial Services Group, Inc. ("PNC"). The matter is currently before the Court on several pending motions. The Court finds that oral argument would not significantly aid the decisional process (*see* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan) and orders that the motions will be decided upon the briefs.

This Court has spent considerable time reviewing the voluminous filings in this matter and, having done so, the Court is very troubled by Saffady's lack of candor with the Court and with the manner that he and his counsel have proceeded in this litigation. For the reasons that follow, the Court shall DENY Saffady's "Motion for Entry of Ex-Parte Order Permitting Delayed Filing of Motion to Amend Complaint" (Docket Entry No. 27) and Saffady's motion seeking to file an amended complaint. (Docket Entry No. 28).

1

The Court shall DENY WITHOUT PREJUDICE Saffady's Motion for Summary Judgment (Docket Entry No. 15) and shall GRANT Chase's motion seeking leave to file a motion for summary judgment (Docket Entry No. 29). Further, the Court shall Order Saffady and his Counsel to show cause why this Court should not sanction Saffady and/or his Counsel, pursuant to FED. R. CIV. P. 11, 28 U.S.C. § 1927 and/or this Court's inherent authority, for filing Docket Entries Nos. 1, 15, 30, and 38. The Court shall further order Saffady to file, along with his response to the show cause order, any and all orders awarding him fees or expenses as Receiver in the State Court Action. After those documents are filed with this Court, this Court will make a determination regarding sanctions and will also issue a new briefing schedule so that both parties have the opportunity to file motions for summary judgment.

Finally, the Court shall DENY the following motions for lack of merit: 1) Saffady's Motion for Award of Costs and Attorney Fees (Docket Entry No. 19); 2) Saffady's motion to file a brief exceeding the page limitations (Docket Entry No. 24); and 3) Saffady's Motion for "Order Of Contempt Under FRCP 45(e) and 37(b)(1) and FRCP 11 Motions (2X) for Sanctions" (Docket Entry No. 38).

BACKGROUND

On May 14, 2010, Saffady filed a "Verified Complaint for Foreclosure" against Chase and PNC. (Docket Entry No. 1). The action was filed in federal court based upon *diversity jurisdiction*. The action was assigned to Judge Bernard Friedman.

Saffady's complaint alleges that Saffady is a Michigan Court Officer and that "at all times relevant hereto, was the Court Appointed Receiver of the 35th District Court, Plymouth, Michigan." (Compl. at ¶ 1).

The complaint alleges that on October 1, 2008, Saffady "was appointed Court Appointed Receiver over all the assets and property of MARK and RHANDA MANGANO (hereinafter collectively "Mangano") in Case No. 08-C-0988GC pending in the 35th District Court,[1] Plymouth MI" including real property located at 43630 Michigan Ave. in Canton, Michigan. (Compl. at 2-3). The Court shall refer to Case No. 08-C-0988GC in the 35th District Court as "the State Court Action." Saffady's complaint further alleges:

> 8. On or about October 27, 2008, the 35th District Court entered its Order to Sell the Property. See Exhibit 3.
> 9. Before the Property could be sold, Mangano filed Chapter 7 Bankruptcy in the Middle District of Tennessee.
> 10. By Order dated July 1, 2009, effective September 1, 2009, the Property was released from Bankruptcy jurisdiction, on motion of Chase, and abandoned by the Bankruptcy Trustee subject to the provisions of state [Michigan] law. See, Exhibit 4.
> 11. Plaintiff claims a first priority equitable lien superior to the interests of Chase and PN for *costs, fees, and administrative expenses of the receivership in the amount of $264,384.35.*
> 12. On or about December 22, 2009, Chase requested Plaintiff's consent to proceed with a foreclosure sale of the property, as required by Michigan law. See, Exhibits 5A and B.
> 13. On or about March 4, 2010, *Plaintiff updated its equitable lien through February 15, 2010*, consented to the proposed foreclosure sale by Chase, consented to the proposed foreclosure sale by Chase, consented to the transfer of it lien to proceeds of such sale, and, recorded such consent at Liber 48375, PP 656-679 Wayne County [MI] Records. See, Exhibit 6.
> 14. Chase has failed to pursue or complete a sale of the Property.

(Compl. at 3-4) (emphasis added). The complaint alleges that both Chase and PNC claim an interest in the Property but that Saffady's "lien takes first priority over the claim/interests of Chase and PNC." (Compl. at ¶ 17). Saffady asks this Court to order a foreclosure sale of the Property and then determine and declare that the rights and interests of Chase and PNC are

---

[1] Saffady was appointed as Receiver by Judge Ronald Lowe.

subordinate to his rights to proceeds from the sale.

*Notably, while Saffady did attach several exhibits to the complaint, he did not attach any orders awarding him administrative expenses or fees as Receiver in the State Court Action. In addition, the complaint makes no mention of the fact that on August 12, 2009, an "Order Discharging Receiver and Appointing Successor" was entered in the state court action by Judge Kathleen McCann, who ordered that "Gregory Saffady and Attorney Michael E. Tindall are immediately discharged from their positions as Receiver and Receiver's attorney, respectively."*

Attorney Timothy Myers, with Orlans, Associates, P.C., has been representing Chase in this matter since it was filed. Attorney Michael Tindall, the same attorney who represented Saffady as Receiver in the State Court Action, is Plaintiff's counsel in this action.

On June 23, 2010, this action was reassigned to this Court. (Docket Entry No. 13).

On June 24, 2010, Saffady filed a Motion for Summary Judgment. (Docket Entry No. 15). In this motion, Saffady asserts that "[o]ver the course of *the period October 1, 2008 through February 15, 2010*, and EXCLUDING THE COSTS AND EXPENSES OF THIS PROCEEDING, Receiver has incurred unpaid Administrative, first priority costs, expenses, fees, legal fees, and administrative expenses *totaling $264,384.35."* (*Id*. at ¶ 10.) (Emphasis added). Saffady's motion asks this Court to declare that Saffady has a lien on the Property in the amount of $264,384.35 that takes priority over the interests of Chase and PNC and then order a foreclosure sale of the Property to satisfy Saffady's lien. Notably, again, Saffady does not inform this Court that on August 12, 2009, an "Order Discharging Receiver and Appointing Successor" was entered in the state court action by Judge Kathleen McCann, who ordered that "Gregory Saffady and Attorney Michael E. Tindall are immediately discharged from their

4

positions as Receiver and Receiver's attorney, respectively." In addition, although he is claiming entitlement to unpaid administrative fees and expenses of $264,384.35 as Receiver in the State Court Action, Saffady's motion does not attach any orders awarding him administrative expenses or fees as Receiver in the State Court Action.

On July 17, 2010, Saffady filed a notice indicating that Chase had not filed a response to its motion and asking the Court to issue a judgment in its favor. (Docket Entry No. 18).

On July 17, 2010, Saffady filed a Motion "For Award of Costs and Attorney Fees," asserting that the Court should sanction Chase for its "bad faith" and award him attorney fees because Chase would not concur to his motion and was asserting groundless defenses. (Docket Entry No. 19).

On July 21, 2010, this Court held the initial scheduling conference in this action. At that conference, counsel for both parties advised the Court that no discovery was needed in this action. Accordingly, on July 21, 2010, this Court issued the Scheduling Order in this matter that provides, among other things, that: 1 ) "Both parties indicated that no discovery was required," and 2) that motions were to be filed by August 2, 2010. (Docket Entry No. 20). Thus, *discovery was closed in this matter as of July 21, 2010.*

On August 2, 2010, Chase filed a brief in opposition to Saffady's Motion for Award of Costs and Attorney Fees. (Docket Entry No. 22). In that brief, Chase opposes the motion asserting that it has not acted in bad faith and explains its position. Chase acknowledges that Plaintiff has repeatedly expressed that he holds a lien on the Property that is superior to Chase's lien. Chase states that it does not dispute that a receiver's lien would have priority or that such a lien holder would have a right to initiate foreclosure proceedings. Chase states, however, that it

5

has been attempting to negotiate a resolution and determine the amount of the Receiver's lien. Chase's brief states that "Plaintiff's counsel has firmly refused to provide any evidence of his fees pre-suit or during this lawsuit." (*Id*. at ¶ 18).

The following day, August 3, 2010, Saffady filed a Notice of Intent to Seek sanctions against Chase under FED. R. CIV. P. 11. (Docket Entry No. 23).

On August 7, 2010, Saffady filed a motion seeking leave to file a reply brief exceeding five pages. (Docket Entry No. 24). Although this Court did not grant the requested leave, Saffady filed a reply brief in excess of five pages on August 7, 2010. (Docket Entry No. 25).

On August 9, 2010, Saffady filed a "Motion for Entry of Ex-Parte Order Permitting Delayed Filing of Motion to Amend Complaint." (Docket Entry No. 27). Although this Court did not grant the requested leave, on August 14, 2010, Saffady filed a motion seeking to file an amended complaint. (Docket Entry No. 28). Saffady attached a copy of the proposed amended complaint as an exhibit to the motion. Saffady's proposed first amended complaint seeks to add numerous defendants, including Defense Counsel Timothy Myers, the Orlans law firm and its owners, and various unidentified employees of the firm. In addition to the original judicial foreclosure count, the first amended complaint would add several state-law claims, including: "trade disparagement," "injurious falsehold," "interference with contractual relations," "interference with prospective commercial advantage/expectancy," and "civil conspiracy." These state-law claims are based upon alleged actions and communications between counsel during the course of this litigation.

On August 19, 2010, Chase filed a motion seeking leave to file a motion for summary judgment after the motion cutoff (Docket Entry No. 29) and on August 27, 2010, Chase filed a

motion seeking leave to file a late response to Saffady's Motion for Summary Judgment. (Docket Entry No. 32). In these submissions, Chase informs the Court that, although he has not disclosed these facts to the Court, Saffady was actually discharged as the receiver in the State Court Action on August 12, 2009. Chase attaches several documents from the State Court Action that call into question: 1) the amount of any fees or expenses that were actually awarded to Saffady for the time that he was the appointed receiver in the State Court Action; and 2) whether Saffady has already received any fees or expenses awarded to him in the State Court Action.

In response to those submissions, Saffady filed yet another notice of intent to seek Rule 11 Sanctions against Chase (Docket Entry No. 30), along with several briefs opposing Chases's requests. These responses essentially assert that Saffady never said he was the current receiver and assert that the facts that Defense Counsel claims to have recently become aware of were public record. In addition, in these responses, Plaintiff's Counsel further indicates that he is contacting "the general counsel of CHASE – in New York." Plaintiff also attaches communications sent to Defense Counsel indicating that Plaintiff plans to call Timothy Myers and Stephen Cutler as witnesses relating to the new state-law claims Saffady seeks to assert in his proposed first amended complaint, and that he will be seeking to disqualify Defense Counsel from proceeding in this action.

On September 8, 2010, Saffady filed a Motion "for Order of Contempt Under FRCP 45(e) and 37(b)(1) and FRCP 11 Motions (2X) for Sanctions." (Docket Entry No. 38). In this motion, Saffady's counsel states that on August 30, 2010, Plaintiff issued various subpoenas duces tecum seeking to depose "Chase's general counsel" and Chase's counsel in this action and

to obtain numerous documents.  Plaintiff's Counsel issued these subpoenas despite the fact that discovery had already closed in this action, and Plaintiff had not sought to re-open discovery, and despite the fact that this Court had not granted Saffady's motion to file an amended complaint.  Moreover, Saffady seeks to depose Chase's attorneys in this action, raising obvious privilege issues.

Not surprisingly, Defense Counsel objected to the subpoenas and advised that the depositions would not go forward.   Nevertheless, Saffady asks this Court to hold Chase and its counsel in contempt and impose various sanctions.

On September 16, 2010, Attorneys Marilyn Peters and Joseph Hickey of Dykema Gossett entered limited special appearances on behalf of non-party Stephen Cutler, so that they could file a Motion to Quash and for Protective Order on this behalf.  That same day, Saffady filed an objection to their appearances.  (Docket Entry No. 42).

On September 20, 2010, Non-Party Stephen Cutler's Motion to Quash Subpoena Duces Tecum and for Protective Order was filed.  (Docket Entry No. 43).  In this motion, Cutler states that he is "not an officer or employee of Defendant but is General Counsel of the three times removed parent of Defendant."  (*Id*. at 3).  The motion further states that the subpoena issued to Cutler, the "General Counsel of a three times removed parent, not a party to this litigation, should be seen for what it is – an abuse of discovery, intended for harassment."  (*Id.* at 4).  The motion then asserts numerous reasons why the subpoena issued to Cutler should be quashed, including: a) failure to allow a reasonable time to comply; b) requirement that Cutler appear in Michigan, more than 100 miles away; c) requirement that subpoenaed party produce privileged communications; d) undue burden; e) subpoena issued in violation of this Court's Scheduling

Order; and f) improper purpose of subpoena.

On September 21, 2010, Saffady filed a "Notice" – not a motion – asserting that this Court does not have jurisdiction to hear Mr. Cutler's motion seeking to quash the subpoena that Plaintiff's Counsel *issued in this action*. (Docket Entry No. 44).

On September 30, 2010, this Court held a status conference in this matter, to discuss the pending motions in this action. At that status conference, this Court advised the parties that the Court would be issuing orders requiring Plaintiff to show cause why this Court should not impose sanctions against Plaintiff and/or Plaintiff's Counsel for having filed Docket Entries Nos. 1, 15, 30, and 38.

On October 3, 2010, Plaintiff filed a notice indicating that he wishes to withdraw Docket Entry No. 27 and Docket Entry Nol 28.

## ANALYSIS

A.   <u>The Court Shall Deny Saffady's Motion For Leave To File A First Amended Complaint.</u>

This Court shall deny Saffady's Motion for Leave to File First Amended Complaint. On October 3, 2010, Saffady filed a notice indicating that he wishes to withdraw Docket Entry No. 27 and Docket Entry No. 28. Moreover, even if he had not withdrawn those motions, this Court would deny Saffady's motion to file his proposed first amended complaint for numerous[2] reasons.

---

[2]The most fundamental reason for denying the motion is that the proposed first amended complaint would add Michigan citizens as Defendants (e.g., Timothy Meyers and Orlans Associates, P.C.) and would therefore destroy diversity and require immediate dismissal of this action.

9

B. <u>The Court Shall Deny Without Prejudice Saffady's Motion For Summary Judgment And Allow Both Parties To File New Motions For Summary Judgment.</u>

Saffady contends that he incurred, as Receiver, administrative expenses totaling $264,384.35. His Motion for Summary Judgment, however, does not attach any orders from the state court actually awarding him such fees. Moreover, Chase's recent submissions have attached documents that call into question: 1) the amount of any fees or expenses that were actually awarded to Saffady for the time period that he was the appointed receiver; and 2) whether Saffady has already received any fees or expenses awarded by the state court.

As expressed to the parties during the September 30, 2010 status conference, this Court is very troubled by Saffady's lack of candor with the Court and with the manner he has proceeded in this litigation.

This Court shall deny Saffady's Motion for Summary Judgment without prejudice. As set forth below, this Court shall also order Saffady to show cause why this Court should not impose sanctions against Saffady and/or his Counsel. This Court shall further order Saffady to produce, along with his response to the show cause order, any and all orders awarding him fees or expenses as Receiver in the State Court Action. After those documents are filed with this Court, this Court will then issue an Amended Scheduling Order that provides both parties with the opportunity to file motions for summary judgment.

C. <u>The Court Shall Deny All Pending Motions Filed By Saffady Seeking Sanctions And/Or Attorney Fees.</u>

The Court has reviewed all of the motions filed by Saffady seeking sanctions and/or attorney fees. The Court finds these motions entirely without merit and shall deny these motions.

CONCLUSION AND ORDER

For the reasons set forth above, IT IS ORDERED that Saffady's "Motion for Entry of Ex-Parte Order Permitting Delayed Filing of Motion to Amend Complaint" (Docket Entry No. 27) and Saffady's motion seeking to file an amended complaint. (Docket Entry No. 28) are DENIED.

IT IS FURTHER ORDERED that Saffady's Motion for Summary Judgment (Docket Entry No. 15) is DENIED WITHOUT PREJUDICE and that Chase's motion seeking leave to file a motion for summary judgment (Docket Entry No. 29) is GRANTED.

IT IS FURTHER ORDERED that Saffady and his Counsel are ORDERED TO SHOW CAUSE, in writing, by October 21, 2010**,** why this Court should not sanction Saffady and/or his Counsel, pursuant to FED. R. CIV. P. 11, 28 U.S.C. § 1927 and this Court's inherent authority, for filing Docket Entries Nos. 1, 15, 30, and 38. The Court FURTHER ORDERS Saffady to file, by October 21, 2010, along with his response to the show cause order, any and all orders awarding him fees or expenses as Receiver in the State Court Action. After those documents are filed with this Court, this Court will make a determination regarding sanctions and will also issue an Amended Scheduling Order providing both parties with the opportunity to file motions for summary judgment.

IT IS FURTHER ORDERED that discovery in this action REMAINS CLOSED.

IT IS FURTHER ORDERED that Chase's Motion seeking to file a late response to Saffady's Motion for Summary Judgment (Docket Entry No. 32) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the following motions are DENIED for lack of merit: 1) Saffady's Motion for Award of Costs and Attorney Fees (Docket Entry No. 19); 2) Saffady's

motion to file a brief exceeding the page limitations (Docket Entry No. 24); and 3) Saffady's Motion for "Order Of Contempt Under FRCP 45(e) and 37(b)(1) and FRCP 11 Motions (2X) for Sanctions" (Docket Entry No. 38).

    IT IS SO ORDERED.

                                      S/Sean F. Cox  
                                      Sean F. Cox  
                                      United States District Judge

Dated: October 7, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 7, 2010, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez  
                                      Case Manager