UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Court Officer Gregory Saffady,

    Plaintiff,

v.                                                           Honorable Sean F. Cox

Chase Home Finance, Inc., *et al.*,               Case No. 10-11965

    Defendants.
_____/

## OPINION & ORDER
## GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE
## NON-PARTY STEPHEN CUTLER'S MOTION TO QUASH
## AND FOR PROTECTIVE ORDER

This matter is currently before the Court on the "Motion of Non-Party Stephen Cutler to Quash Subpoena Dues Tecum and for Protective Order" (Docket Entry No. 43). The Court finds that oral argument would not significantly aid the decisional process (*see* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan) and orders that the motion will be decided upon the briefs. For the reasons that follow, the Court shall GRANT THE MOTION IN PART AND DENY IT WITHOUT PREJUDICE IN PART.

BACKGROUND

The full background of this case was included in this Court's October 7, 2010 Opinion & Order (Docket Entry No. 53 at 11) and will not be restated here.

On May 14, 2010, Plaintiff Gregory Saffady ("Plaintiff") filed a "Verified Complaint for Foreclosure" against Defendants Chase Home Finance, Inc. ("Chase") and PNC Financial Services Group, Inc. ("PNC"). (Docket Entry No. 1). Plaintiff's complaint alleges that Plaintiff

1

is a Michigan Court Officer and that "at all times relevant hereto, was the Court Appointed Receiver of the 35th District Court, Plymouth, Michigan." (Compl. at ¶ 1). The complaint alleges that both Chase and PNC claim an interest in the Property at issue but that Plaintiff's "lien takes first priority over the claim/interests of Chase and PNC." (Compl. at ¶ 17). Plaintiff asks this Court to order a foreclosure sale of the Property and then determine and declare that the rights and interests of Chase and PNC are subordinate to his rights to proceeds from the sale.

Attorney Timothy Myers, with Orlans, Associates, P.C., has been representing Chase in this matter since it was filed. Attorney Michael Tindall is Plaintiff's counsel in this action.

On June 24, 2010, Plaintiff filed a Motion for Summary Judgment (Docket Entry No. 15), asking this Court to declare that Plaintiff has a lien on the Property in the amount of $264,384.35 that takes priority over the interests of Chase and PNC and then order a foreclosure sale of the Property to satisfy Plaintiff's lien.

On July 21, 2010, this Court held the initial scheduling conference in this action, at which time counsel for both parties advised the Court that no discovery was needed in this action. Accordingly, on July 21, 2010, this Court issued the Scheduling Order in this matter that provides, among other things, that: 1 ) "Both parties indicated that no discovery was required," and 2) that motions were to be filed by August 2, 2010. (Docket Entry No. 20). Thus, discovery was closed in this matter as of July 21, 2010.

On August 14, 2010, Plaintiff filed a motion seeking to file an amended complaint. (Docket Entry No. 28). Plaintiff's proposed first amended complaint would add claims against numerous defendants, including Defense Counsel Timothy Myers, the Orlans law firm and its owners, based upon alleged actions and communications between counsel during the course of

2

this litigation.

On August 19, 2010, Chase filed a motion seeking leave to file a motion for summary judgment after the motion cutoff (Docket Entry No. 29) and on August 27, 2010, Chase filed a motion seeking leave to file a late response to Plaintiff's Motion for Summary Judgment. (Docket Entry No. 32).

In response to those submissions, Plaintiff filed briefs opposing Chases's requests and attached communications sent to Defense Counsel indicating that Plaintiff plans to call Timothy Myers and Stephen Cutler as witnesses relating to the new state-law claims Plaintiff seeks to assert in his proposed first amended complaint, and that he will be seeking to disqualify Defense Counsel from proceeding in this action.

On August 30, 2010, Plaintiff's counsel issued various subpoenas, seeking to depose Chase's counsel in this action and to obtain numerous documents. On that same date, Plaintiff's counsel also issued a subpoena seeking to depose Stephen M. Cutler, the General Counsel for J.P. Morgan Chase & Co. (*See* Docket Entry No. 43-6). Plaintiff did not however, serve that subpoena on Mr. Cutler. Rather, he e-mailed that subpoena to Mr. Myers, Chase Home Finance, Inc.'s counsel in this action, along with the subpoenas seeking to depose Chase's counsel. (*Id.* at 2).

Mr. Myers objected to the subpoenas and advised that the depositions would not go forward. (Docket Entry No. 43-9).

On September 16, 2010, two new attorneys entered limited special appearances on behalf of non-party Stephen Cutler, so that they could file a Motion to Quash and for Protective Order on this behalf.

On September 20, 2010, Non-Party Stephen Cutler's Motion to Quash Subpoena Duces Tecum and for Protective Order was filed.  (Docket Entry No. 43).  In this motion, Mr. Cutler states that he is "not an officer or employee of Defendant but is General Counsel of the three times removed parent of Defendant." (*Id*. at 3).  The motion further states that the subpoena issued to Mr. Cutler, the "General Counsel of a three times removed parent, not a party to this litigation, should be seen for what it is – an abuse of discovery, intended for harassment." (*Id.* at 4).  The motion then asserts numerous reasons why the subpoena issued to Cutler should be quashed, including: a) failure to allow a reasonable time to comply; b) requirement that Cutler appear in Michigan, more than 100 miles away; and c) requirement that subpoenaed party produce privileged communications.

On September 30, 2010, this Court held a status conference in this matter, to discuss the pending motions in this action.  At that status conference, this Court advised the parties that the Court was troubled by Plaintiff's lack of candor with the Court and with the manner he has proceeded in this litigation and that it would be issuing an order requiring Plaintiff to show cause why this Court should not impose sanctions against Plaintiff and/or Plaintiff's Counsel for having filed various submissions.

On October 3, 2010, Plaintiff filed a notice indicating that he wished to withdraw his motion seeking leave to file an amended complaint (Docket Entry Nos. 27 & 28).

On October 6, 2010, Plaintiff filed a response in opposition to Mr. Cutler's Motion to Quash and for Protective Order.

ANALYSIS

The decision to quash a subpoena is within the sound discretion of a district court. *Thomas v. City of Cleveland*, 57 Fed.Appx. 652, 654 (6th Cir. 2003); *Ghandi v. Police Dep't of Detroit,* 747 F.2d 338, 354 (6th Cir. 1984).

Rule 45 of the Federal Rules of Civil Procedures allows parties and non-parties alike to quash subpoenas issued in the course of discovery. Under FED. R. CIV. P. 45(c)(3)(A), the court must quash or modify the subpoena if it: 1) fails to allow reasonable time for compliance; 2) "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person"; 3) requires the disclosure of privileged or other protected matter and no exception or waiver applies; or 4) subjects a person to undue burden.

In addition, under FED. R. CIV. P. 26(c) allows a party to move for a protective order. For good cause shown, the court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

In his motion, Mr. Cutler asks the Court to quash the subpoena. He also asks the Court enter a protective order precluding the discovery sought and award him his attorney fees incurred in bringing this motion under FED. R. CIV. P. 26(c)(3).

Having reviewed Mr. Cutler's motion and Plaintiff's response, the Court shall quash the subpoena directed to Mr. Cutler.

As an initial matter, Plaintiff's counsel did not properly serve the subpoena at issue on Mr. Cutler. Moreover, even if he had done so, the Court is satisfied that the subpoena should be quashed under FED. R. CIV. P. 45.

First, the Court concludes that the subpoena failed to allow reasonable time for compliance. The subpoena seeks extensive documents and demanded a New York resident to appear for deposition in Michigan on the first business day after the Labor Day holiday, which fell on September 6, 2010. Thus, the subpoena provided just 4 business days for Mr. Cutler to gather extensive documents, make travel arrangements, and appear for deposition in Michigan.

Second, the subpoena demands the appearance of Mr. Cutler, a New York resident who is not an officer or employee of a party, to travel more than 100 miles from where he resides, is employed or regularly conducts business.

Moreover, the subpoena directed to Mr. Cutler was issued after the close of discovery and Plaintiff has not requested that the Court re-open discovery in this matter. Thus, this Court would act within its discretion to quash the subpoena on that ground alone. *See, e.g., Buhrmaster v. Overnite Trans. Co.*, 61 F.3d 461, 464 (6th Cir. 1995); *Thomas, supra*, at 654; *McGuire v. Warner*, 2009 WL 2370738 (E.D. Mich. 2009).

Accordingly, for all of these reasons, the Court shall quash the subpoena issued to Mr. Cutler.

In this Court's October 7, 2010 Opinion & Order (Docket Entry No. 53 at 11), this Court ordered that discovery in this action is closed. Thus, the Court concludes that a protective order is not needed at this time and shall deny without prejudice Mr. Cutler's request for a protective order.

Accordingly, IT IS ORDERED that the "Motion of Non-Party Stephen Cutler to Quash Subpoena Dues Tecum and for Protective Order" (Docket Entry No. 43) is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

The motion is GRANTED to the extent that the Court hereby ORDERS that the subpoena dated August 30, 2010 issued to Mr. Cutler is QUASHED in its entirety.

The motion is DENIED WITHOUT PREJUDICE in all other respects.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager