UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Court Officer Gregory Saffady,

      Plaintiff,

v.                                   Honorable Sean F. Cox

Chase Home Finance, Inc., *et al.*,          Case No. 10-11965

      Defendants.

_____/

### OPINION & ORDER

Plaintiff Gregory Saffady filed this action, claiming that he has an "equitable lien" over certain real property in Canton, Michigan, and that his equitable lien is superior to the interests of Chase Home Finance, LLC ("Chase") in the property. Plaintiff asks this Court to order a foreclosure sale of the property and then declare that Chase's rights and interests in the property are subordinate to his rights and interests in the property. The matter is currently before the Court on Chase's Motion for Summary Judgment, wherein it asks the Court to grant summary judgment in its favor and impose sanctions pursuant to 28 U.S.C. § 1927. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall GRANT Chase's Motion for Summary Judgment and shall impose sanctions against Plaintiff's Counsel.

### BACKGROUND

1

On or about February 18, 2008, an attorney named Mark Chaban filed an action against Mark Mangano, Brenda Mangano, Related Auto Care, Inc., and John Lygizos in the 35th District Court in Michigan, seeking to recover $6,757.85 in alleged unpaid legal fees.  (Ex. 1 to Chase's Br.).  The case, Case No. 08-C-0988 GC, was assigned to the Honorable Robert W. Lowe.  Attorney Michael Tindall, of Tindall & Company, P.C., was counsel for Plaintiff Chaban.

According to the complaint, sometime prior to May 2005, the Manganos and Related Auto Care, Inc. were represented by Lygizos, an attorney, in another case in the 35th District Court.  The complaint alleged that Lygizos requested Chaban to appear as co-counsel in that action, and that Chaban thereafter represented the Manganos and Related Auto Care, Inc. without further assistance from Lygios.  The complaint alleged that the Manganos and Related Auto Care, Inc. owed Chaban $6,757.85 in unpaid legal fees and the Lygizos had guaranteed payment of such fees to Chaban.

On October 1, 2008, the district court entered a Judgment: 1) in favor of Chaban and against the Manganos and Related Auto Care, Inc., jointly and severally, for $6,14985 in actual damages; 2) in favor of Chaban and against Brenda Mangano for treble damages under M.C.L § 600.2919a, in the amount of $18,549.55; 3) in "in favor of Plaintiff's counsel, TINDALL & COMPANY, PC, and against Brenda Mangano for Plaintiff's costs and attorney fees in the amount of $10,081.00."  (Ex. 2 to Chase's Br.).  The Judgment indicated that the court granted a directed verdict as to sole claim asserted against Lygizos and dismissed that count as to Lygizos with prejudice.

On that same date, October 1, 2008, Judge Lowe issued an "Order Appointing Receiver." That order appointed Plaintiff Gregory Saffady ("Saffady") as receiver and appointed Tindall as

2

counsel for the Receiver.  (Exs. 3 & 4 to Chase's Br.).  On October 15, 2008, Judge Lowe issued

a revised "Order Appointing Receiver."  (Ex. 1 to Pl.'s Compl.).  That order provided, in

pertinent part:

> IT IS FURTHER ORDERED that the Receiver and all personnel hired by
> the Receiver as herein authorized, including counsel to the Receiver, are entitled
> to reasonable compensation for the performance of duties pursuant to this Order
> and for the cost of actual and reasonable out-of-pocket expenses incurred by them
> for those services authorized by this Order that when rendered were (1)
> reasonably likely to benefit the receivership estate or (2) necessary to the
> administration of the estate.  The receiver and all personnel hired by the receiver
> shall be compensated solely out of funds now held by or in the possession or
> control of the Receiver, or, which may in the future be received by the
> receivership.  The Receiver and counsel shall file with the Court and serve on the
> parties periodic requests for the payment of such reasonable compensation, with
> the first such request filed no more than sixty (60) days after the date of this Order
> and subsequent requests filed monthly thereafter.  The requests for compensation
> shall itemize the time to the tenth of an hour and nature of services render by the
> Receiver and all personnel hired by the Receiver.

(*Id.* at 7).

Pursuant to the terms of the orders, a copy of Judge Lowe's orders appointing Saffady as

Receiver were recorded with the Wayne County Register of Deeds.  (*See* Ex. 4 to Chase's Br. at

¶ XI).

On October 27, 2008, Judge Lowe issued an "Order For Sale Of Property" that stated that

the Receiver had advised the Court of one or more offers to purchase real property commonly

known as 43630 Michigan Ave., Canton Township, Michigan ("the Property") and authorized

the Receiver to sell the Property, in accordance with the terms of the Order Appointing Receiver.

(Ex. 3 to Pl.'s Compl.).

The Property is owned by the Manganos, subject to a mortgage held by Defendant Chase.

(Ex. 7 To Chase's Br.).

As of December 31, 2008, the Property had not been sold.  On December 31, 2008, the Manganos filed a Petition for Bankruptcy, under Chapter 7, in the United States Bankruptcy Court for the Middle District of Tennessee.  (Ex. 11 to Chase's Br.).[1]

On February 19, 2009, Judge Lowe issued a "Judgment of Contempt" against Lygizos in Case No. 08-C-0988 GC.  (Ex. 10 to Chase's Br.).  That Judgment of Contempt ordered Lygizos jailed and ordered him to pay: 1) attorney fees of $42,780.82; 2) fines of $22,500.00; and 3) other costs of $4,360.00.  (*Id.*).  It further stated:

> All costs, Receiver Fees, Attorney Fees, Deposition Charges incurred on/after 2/13/09 in connection with the entry and/or satisfaction of this judgment shall *upon approval of the court* be added to the amount due as a condition of release and satisfaction under this Judgment.

(*Id.*) (emphasis added).

Lygios appealed the February 17, 2009 Judgment of Contempt on March 6, 2009.  (*See* Ex. 19 to Chase's Br.).  That appeal was assigned to the Honorable Michael Sapala in Wayne County Circuit Court.

On July 1, 2009, the Bankruptcy Court issued an "Agreed Order With Respect To Relief From Stay Regarding Chase Home Finance, LLC" (Ex. 4 to Pl.'s Compl.) That stated:

> This cause came on to be heard upon the agreement of the parties, as evidence by the signatures of their counsel hereto, to extend the time within

---

[1] In the bankruptcy action, Tindall filed, on behalf of Saffady, a motion to excuse turnover of the property and a motion for sanctions.  Both motions were denied by the bankruptcy court and the bankruptcy court awarded the parties who had to respond to Saffady's motion for sanctions their reasonable attorney fees, to be paid by Tindall.  (*See* Ex. 12 to Chase's Br.).  For unknown reasons, it appears that the bankruptcy court ultimately did not impose those sanctions against Tindall.  (*See* Ex. 1 to Pl.'s Counter Statement of Facts).  Tindall also appealed, on behalf of Saffady, the bankruptcy court's ruling.  That appeal was dismissed by the Sixth Circuit for lack of jurisdiction. (*See* Sixth Circuit Case No. 09-8035).

4

which the Trustee will be allowed to sell the real property at 43630 Michigan Avenue, Canton, Michigan 48188, from July 1, 2009, to and including September 1, 2009; and it appearing to the Court that the agreement of the parties should be permitted, it is hereby

> *ORDERED that the Trustee shall have to and including September 1, 2009, in which to sell the property. In the event the Trustee is unable to sell the property on or before that date, relief from stay shall automatically be granted to Chase Home Finance, LLC, and shall be entitled to realize and pursue all remedies in accordance with its applicable loan and security agreements and state law.*

> SO ORDERED.

(*Id.*) (emphasis added).[2]

At some point, Judge Lowe apparently recused himself from the case (*See* Ex. 9 to Chase's Br.). In addition, a some point during the appeal in Wayne County Circuit Court, Judge Sapala ordered that Saffady and Tindall be removed and replaced. (*See* Ex. 17 to Chase's Br.). Thereafter, the case was reassigned to the Honorable Kathleen J. McCann.

On August 12, 2009, Judge McCann issued an Order Discharging Receiver and Appointing Successor." (Ex. 15 to Chase's Br.). That order stated:

> *Gregory Saffady and Attorney Michael E. Tindall are immediately discharged from their positions as Receiver and Receiver's attorney, respectively, in the above captioned case.* Walter Sakowski is appointed as Successor Receiver. *Mr. Saffady shall issue a final report and a complete accounting of all assets collected and his expenditures.* Mr. Tindall is requested to brief Mr. Sakowski on any matters requiring Mr. Sakowski's attention.

> The parties and the Receiver, Walter Sakowski, shall provide a brief to the Court, no greater than 10 pages in length outlining the extant issues to be resolved by this Court. Mr. Sakowski shall serve by posting a nominal personal bond of $100. Mr. Tindall's argument that a stay is in effect pursuant to M.C.R. 7.209(I) is found to be without merit and is denied. Brief is to be filed by September 17,

---

[2]On June 17, 2010, the Trustee formally abandoned the Property. (*See* Ex. 14 to Chase's Br.). The Trustee further indicated that, although the bankruptcy estate had a potential cause of action against Saffady for damages to the Property, the cost to litigate that claim would most likely exceed any potential recovery.

2009.

(*Id*.) (emphasis added).

On November 6, 2009, after several motions and reports had been filed in the case, Judge

McCann issued an Order stating, in pertinent part:

> This matter having come before the Court on various motions and the Report of the Successor Receiver WALTER SAKOWSKI, this Court having conducted a hearing wherein testimony was taken from the Successor Court Appointed Receiver, this Court having reviewed the innumerable pleadings, exhibits, and transcripts, including those from the Bankruptcy Court and for the reasons set forth on the record;
> NOW THEREFORE,
> IT IS HEREBY ORDERED that Successor Receiver, WALTER SAKOWSKI is discharged.
> IT IS FURTHER ORDERED that Mr. Sakowski shall submit a bill of particulars as to his fees and costs for approval by this Court.  His hourly rate shall not exceed $240.00 per hour.
> IT IS FURTHER ORDERED that the Motion to Quash the subpoenas issued by MICHAEL TINDALL is granted, the subpoenas are quashed and the production of the information requested is moot based on the rulings of this Court and for the reasons set forth in the record.
> *IT IS FURTHER ORDERED that neither the former Receiver GREGORY SAFFADY, nor his attorney, MICHAEL TINDALL are awarded any fees or costs other than those provided in Judge Lowe's Judgment of Civil Contempt of February 17, 2009 and any claim for additional fees and costs are denied with prejudice.*
> . . . .
> IT IS FURTHER HEREBY ORDERED that ANTHONY ROSATI, attorney for BRENDA MANGANO, shall have fourteen (14) days to file and serve written objections to the final account of former Receiver, GREGORY SAFFADY.  After review of Mr. Rosati's objections the Court will determine whether a further hearing is necessary or enter an order approving or denying the former Receiver's account.
> . . . .
> IT IS FURTHER HEREBY ORDERED that all other pending motions are dismissed and this is a final order and closes this case.  The Court retains jurisdiction only for the purpose of approving the former Receiver's final account and the subsequent Receivers's final statement.

(Ex. 16 to Chase's Br.).

6

Sept 15, 2009, Tindall filed a "Final Account Of Court Appointed Receiver Gregory

Saffady," which was signed by both Saffady and Tindall.   (Ex. 8 to Chase's Br.).  That

submission stated, in pertinent part:

> REMAINING PROPERTY OF RECEIVERSHIP ESTATE:
>           As of the date of this report, the Receivership Estate includes the
> following property.
> . . . .
>
> 2.  43630 Michigan Ave., Canton, MI 48189:
>
> Former Receiver seized the subject real property on October 1, 2008, obtained
> court approval of a form Sale Agreement for the property, and, commenced
> negotiations to sell the property for approximately $300,000.000.  Those
> negotiations were prematurely stalled . . . Former Receiver continued to hold the
> property and seek buyers until it turned the property over to the Bankruptcy
> Trustee, pursuant to 11 USC 543.  By Orders dated March 16 and July 1, 2009,
> the Bankruptcy Trustee was given until July 1, and, then, September 1, 2009, to
> sell the property.  See Exhibits 4 and 5.
> The bankruptcy Trustee made no sale of the property by the September 1, 2009
> deadline.  Pursuant to the Bankruptcy Court Orders, the automatic stay lifted
> September 1, 2009, and, the property was released from bankruptcy jurisdiction.
> Chase Home Finance, LLC, the mortgage holder, is now permitted to proceed to
> foreclose the property outside of bankruptcy, "pursuant to Michigan law."  The
> property, therefore, is once again subject to the jurisdiction and control of this
> Court. MCL 600.6104(5).  This Court should issue [an] injunction enjoining
> foreclosure by Chase, and, providing for the sale of the property by this Court's
> new Receiver, with the lien of Chase treated as a secured lien, payable after
> priority administrative expenses.
>
> REMAINING CLAIMS OF FORMER RECEIVER:
>
> 1.  John A. Lygizos:
> By Civil Contempt Judgment dated February 17, 2009 against John A. Lygizos,
> Receiver and counsel fees of $4,360.00 and $42,780.82, respectively (total
> $47,140.82) were approved and imposed by Judge Lowe.  Paragraph 6 of that
> Judgment further awarded "all costs, receiver fees, attorney fees . . . incurred on
> or after February 13, 2009 in connection with the entry and or satisfaction of this
> Judgment . . ."

(Ex. 8 to Chase's Br.).  Although Judge McCann had already ruled that any claims by Saffady

and Tindall for additional fees or costs were "denied with prejudice," Saffady and Tindall again

requested that Judge McCann award them additional fees and expenses:

> Former receiver incurred costs and fees subsequent to February 13, 2009 as
> follows:
>
>> Michigan State Courts (District and Circuit):
>
>> | | |
>> |---|---|
>> | Receiver Fees (60 hrs at $95 hr) | $ 5,890.00 |
>> | Counsel Fees See Exhibit 6 | $81,462.50 |
>> | Costs | $ 5,216.71 |
>> | Total | $92,569.21 |
>
>> Tennessee Bankruptcy Court:
>
>> | | |
>> |---|---|
>> | Receiver Fees (38 hrs at $95hr) | $ 3,610.00 |
>> | Counsel Fees See, Exhibit 7 | $34,650.00 |
>> | Costs | $ 7,946.00 |
>> | Total | $46,206.00 |
>
>> Pursuant to Judge Lowe' Judgment and Order, the amount due under the
>> Civil Contempt Judgment should be amended from $69,640.00 to $208,415.21.

(*Id*. at 5).

Thereafter, Judge McCann issued a "Final Order For Payment Of [Successor] Receiver's

Fees And Acceptance Of Final Account" that stated, in pertinent part:

> IT IS HEREBY ORDERED AND ADJUDGED that the expenses of the
> [Successor] Receiver, totaling Four Thousand One Hundred Four ($4,104.00)
> Dollars shall be paid to [Successor] Receiver, Walter Sakowski in the following
> manner, pursuant to MCR 2.622(D).  *Mr. Tindall, Attorney for Plaintiff and for
> previous Receiver, shall contribute twenty (20%) percent, Eight Hundred Twenty
> ($820.00) Dollars, within thirty (30) days.*  Mr. Chaban, the Plaintiff, shall
> contribute fifteen (15%) percent, Six Hundred Fifteen ($615.00) Dollars.  The
> Defendants Mangano shall contribute fifteen (15%) percent, Six Hundred Fifteen
> ($615.00) Dollars.  The Defendant Lygios shall contribute twenty (20%) percent,
> Eight Hundred Twenty ($820.00) Dollars within thirty (30) days.  The
> Defendants, Findling, Thomas and Royal, shall each contribute eight and 4/10
> (8.4%) percent, Three Hundred Forty Three ($343.00) Dollars within thirty (30)
> days.
> The allocations are based as closely as possible as to the volume of work

8

expended by the Successor Receiver in sorting out the actions of the parties and current status of the case. *It is unfortunate that any one party is required to expend additional amounts on a case that has been jettisoned through a legal quagmire . . .*

> *The Court is convinced that there is no purpose in any further Receivership proceedings,* as any collection by Mr. Chaban will have to proceed against the bankruptcy estate. *Mr. Saffady and Mr. Tindall have also filed final accountings and have been awarded substantial fees by Judge Lowe. It should be clear for the record that is the original award, granted by Judge Ron Lowe, as there has been no modification of that Order granted and no further Receiver or Receiver's attorney fees awarded to Mr. Saffady or Mr. Tindall.*

> *The Court will note further that the previous Court and the Circuit Court ordered that the original Receiver and Receiver's attorney be removed and replaced.* This Court limited Successor Receiver's actions *in order to eliminate the air of [sic] impartiality that had previously been hovering over these proceedings. . .*

> There is no finding of accuracy by this Court of the Receiver's Final Accountings or report. This Court finds that the Final Account dated September 16, 2009, is submitted and accepted. *The only award is that originally made by Judge Lowe which was subject to appeal at the time it was made.*

> Any dispute as to the accounting or as to the distribution of assets should be brought before the Bankruptcy Court.

> IT IS SO ORDERED.

(Ex. 17 to Chase's Br.) (Emphasis added). Thus, Judge McCann again denied Saffady and Tindall's request for additional fees and expenses and clarified for the record that the only fees and expenses awarded to Saffady and Tindall were those awarded by Judge Lowe – which were subject to appeal.

As of December, 2010, the Bankruptcy Trustee had not sold the Property. Thus, under the Bankruptcy Court's July 1, 2009 Order (Ex. 13 to Chase's Br.), Chase could proceed with foreclose. On December 22, 2010, Counsel for Chase contacted Tindall regarding the Property, stating:

> Mr. Tindall – Please be advised that I have been retained to represent the interest of Chase Home Finance who has elected to proceed with foreclosure upon the property at 43630 Michigan Avenue, Canton, Michigan. Upon pulling title work we noticed the Order appointing receiver. I could not find the receiver, Mr.

9

> Saffady, in the bar journal and therefore am seeking some contact information in the hope that he will stipulate to our proceeding with foreclosure.  We have obtained a lift of stay from the bankruptcy court and this is our last hurdle.  I would appreciate any information regarding Mr. Saffady that you could provide.

(Ex. 20 to Chase's Br.).

Tindall responded on December 29, 2009, asserting that Saffady had a judgment lien on the Property in the amount of $84,856.98 and that Saffady would provide a "Satisfaction of Judgment and Release/Discharge of Judgment Lien once acceptable arrangements have been made to satisfy the Judgment."  (Docket Entry No. 22-5).

On January 5, 2010, Tindall indicated that Saffady would consent to the foreclosure if Chase paid Saffady $84,856.98.  (Docket Entry No. 22-60).  After counsel for Chase began to question the claimed fees, Tindall and/or Saffady became more aggressive.

On February 18, 2010, Tindall sent Chase's Counsel a letter indicating that Saffady had instructed him to update and record a "Revised Claim of Priority Lien against the subject property."  (Docket Entry No. 22-11).  The attached "Updated Notice of Priority Equitable Administrative and Judgment Lien For Receiver Fees And Costs" claimed that Saffady was owed $264,384.35 for "costs and administrative expenses incurred/awarded in this matter, through February 15, 2010."  (*Id.*).

Tindall also sent Chase's Counsel an e-mail indicating that he planned to file an attached "Petition for Order of Indemnification Of Priority Lien" in case 08-C-0988.  (*See* Docket Entry No. 22-10).  Although Tindall and Saffady were aware that Judge Lowe had recused himself in that case, and Judge McCann had discharged Saffady and Tindall and expressly denied their claims for any additional expenses and costs "with prejudice," the pleading listed Judge Lowe on the caption and stated:

Over the course of the period October 1, 2008 through the current date, and EXCLUDING THE COSTS AND EXPENSES OF THIS PROCEEDING, Receiver has incurred unpaid Administrative, first priority costs, expenses, fees, legal fees and administrative expense totaling $264,384.35 to protect and preserve the Receivership property as set forth below; *and, will continue to incur additional priority administrative expenses and fees:*

| | |
|---|---|
| ADMINISTRATIVE FEES AND EXPENSE 10/1/08 THROUGH 12/31/08 | $40,425.00 |
| FEBRUARY 17, 2009 JUDGMENT PLUS ACCRUED INTEREST TO 2/15/10 | $85,184.14 |
| POST 2/13/09 COSTS AND FEES IN MICHIGAN STATE COURT(S) | $92,569.21 |
| TENNESSEE BANKRUPTCY COST, FEES AND EXPENSES | $46,206.00 |
| TOTAL PRIORITY ADMINISTRATIVE LIEN | $264,384.35 |

(*Id.*) (emphasis added).

On March 4, 2010, Tindall filed and served a "Certificate of Satisfied Judgment" in Case No. 08-C-0988 GC, which was dated December 22, 2010, that stated:

A judgment was entered by this court on 2/17/2009 Civil Contempt.

■ Satisfaction by Party

The judgment has been satisfied in full as to     ☐ all defendants

                                               ■ defendant CONTEMNOR

(Ex. 18 to Chase's Br.).

On that same dated, March 4, 2010, Saffady filed a notice of lien, as to the Property, with the Wayne County Register of Deeds. (Ex. 7 to Pl.'s Compl.). Saffady's notice states, in pertinent part:

PLEASE TAKE NOTICE that Michigan Court Appointed Receiver, GREGORY SAFFADY, hereby updates the claim to priority equitable and Judgment Liens for *first priority administrative receivership expenses, representing unpaid Receiver*

*Fees, Receiver Attorney Fees, costs and administrative expenses incurred/awarded in this matter, through February 15, 2010, to $264,384.35*, plus statutory interest accruing after February 15, 2010, against certain real property commonly known as 43630 Michigan Ave., Canton, MI 48189, and more fully described in the attached Exhibit 1.

(*Id.*).

On May 14, 2010, Saffady, with Tindall as his counsel, filed this action. Saffady's complaint alleges that Saffady is a Michigan Court Officer and that "*at all times relevant hereto*, was the Court Appointed Receiver of the 35th District Court, Plymouth, Michigan." (Compl. at ¶ 1) (emphasis added).

The complaint alleges that on October 1, 2008, Saffady "was appointed Court Appointed Receiver over all the assets and property of MARK and RHANDA MANGANO (hereinafter collectively "Mangano") in Case No. 08-C-0988GC pending in the 35th District Court, Plymouth MI" including real property located at 43630 Michigan Ave. in Canton, Michigan. Saffady's complaint further alleges:

8.   On or about October 27, 2008, the 35th District Court entered its Order to Sell the Property. See Exhibit 3.
9.   Before the Property could be sold, Mangano filed Chapter 7 Bankruptcy in the Middle District of Tennessee.
10.  By Order dated July 1, 2009, effective September 1, 2009, the Property was released from Bankruptcy jurisdiction, on motion of Chase, and abandoned by the Bankruptcy Trustee subject to the provisions of state [Michigan] law. See, Exhibit 4.
11.  Plaintiff claims a first priority equitable lien superior to the interests of Chase and PN for *costs, fees, and administrative expenses of the receivership in the amount of $264,384.35.*
12.  On or about December 22, 2009, Chase requested Plaintiff's consent to proceed with a foreclosure sale of the property, as required by Michigan law. See, Exhibits 5A and B.
13.  On or about March 4, 2010, *Plaintiff updated its equitable lien through February 15, 2010*, consented to the proposed foreclosure sale by Chase, consented to the proposed foreclosure sale by Chase, consented to the transfer of it lien to proceeds of such sale, and, recorded such consent at

12

Liber 48375, PP 656-679 Wayne County [MI] Records.  See, Exhibit 6.

14.   Chase has failed to pursue or complete a sale of the Property.

(Compl. at 3-4) (emphasis added).  The complaint alleges that both Chase and PNC claim an interest in the Property but that Saffady's "lien takes first priority over the claim/interests of Chase and PNC."  (Compl. at ¶ 17).  Saffady asks this Court to order a foreclosure sale of the Property and then determine and declare that the rights and interests of Chase and PNC are subordinate to his rights to proceeds from the sale.

Thereafter, Saffady filed a flurry[3] of motions and submissions in this action, including:  a Motion for Summary Judgment (Docket Entry No. 15); a Motion "For Award of Costs and Attorney Fees," asserting that the Court should sanction Chase for its "bad faith" and award him attorney fees because Chase would not concur to his motion and was asserting groundless defenses (Docket Entry No. 19); a Notice of Intent to Seek sanctions against Chase under FED. R. CIV. P. 11 (Docket Entry No. 23); a "Motion for Entry of Ex-Parte Order Permitting Delayed Filing of Motion to Amend Complaint" (Docket Entry No. 27), with an attached proposed first amended complaint asserting claims against defense counsel, based  upon alleged actions and communications between counsel during the course of this litigation; another notice of intent to seek Rule 11 Sanctions against Chase (Docket Entry No. 30); and a Motion "for Order of Contempt Under FRCP 45(e) and 37(b)(1) and FRCP 11 Motions (2X) for Sanctions" (Docket Entry No. 38).

In an Opinion & Order issued on October 7, 2010, this Court ruled on several pending motions.  (Docket Entry No. 53).  This Court warned that "the Court is very troubled by

---

[3]Those filings are detailed in this Court's October 7, 2010 Opinion & Order.  (Docket Entry No. 53).

Saffady's lack of candor with the Court and with the manner that he and his counsel have proceeded in this litigation." (*Id*. at 1). The Court noted that Saffady's complaint did not advise the Court that he had been removed as Receiver in the state court action and that Saffady filed a complaint asserting that he was entitled to more than $200,000.00 in fees and costs without submitting any court orders awarding him such fees and expenses. The Court ordered Saffady to show cause why the Court should not sanction Saffady and his counsel pursuant to Rule 11, 28 U.S.C. § 1927 and /or this Court's inherent authority, for filing several specified submissions.

In responding to the Show Cause Order, Tindall asserted that the Court should reserve any sanction rulings until after the merits of the case have been decided. (Docket Entry No. 56).

The Court did not make any determinations regarding sanctions at that time and issued an Amended Scheduling Order on February 22, 2011. On April 22, 2011, Chase filed a Motion for Summary Judgment. Saffady filed a brief in response to the motion. The only exhibit attached to Saffady's response brief is a copy of a case cited in the brief.

On June 22, 2011, the appellate court vacated Judge Lowe's February 19, 2009 Judgment of Contempt. (*See* Docket Entry No. 67-2). Tindall did not advise the Court of that ruling; the ruling was brought to the Court's attention by Chase.

**ANALYSIS**

In its Motion for Summary Judgment, Chase asserts that the Court should grant summary judgment in its favor because the Order Appointing Receiver controls payment of any fees and expenses, there is no legal or equitable basis for the relief requested, the state court expressly

14

denied Saffady and Tindall's requests for fees and expenses, and Saffady and his counsel come to this Court with unclean hands and should not be granted equity.

In response to Chase's Motion for Summary Judgment, Saffady makes numerous arguments – all of which are without merit.

**This Action Is Equitable In Nature**

Throughout his Response Brief, Saffady asserts that this action is not equitable in nature and that this Court is prohibited from addressing equitable considerations.

Saffady's Complaint contains one count, "Judicial Foreclosure." Saffady claims that he has a "first priority *equitable lien* superior to the interests of Chase and PNC for costs, fees and administrative expenses of the receivership in the amount of $264,384.35." (Compl. ¶ 11) (emphasis added). He alleges that on March 4, 2010, he "updated [his] equitable lien through February 15, 2010," and consented to the foreclosure sale by Chase but "Chase has failed to pursue or complete a sale of the Property." (Compl. at ¶¶ 13 & 14). Saffady alleges that "[a]s a matter of federal and Michigan law, Plaintiff's equitable lien take first priority over the claims/interest of Chase and PNC to the subject property" and that he "has the right to foreclose its first priority equitable lien and sell the property pursuant to MCL 600.3101." (Compl. at ¶¶ 17 & 18). Saffady asks this Court to order a foreclosure and sale of the Property "to satisfy the debt, pursuant to MCL 600.3101" and declare that "the rights and interests of all other Defendants are subordinate to the rights and interest of Plaintiff, pursuant to MCL 600.2932." (Compl. at ¶ 20).

The only specific legal authority cited in Saffady's complaint is M.C.L. § 600.3101 and M.C.L § 600.2932. M.C.L. § 600.3101 provides that "The *circuit court* has jurisdiction to

foreclose mortgages of real estate and land contracts."  (emphasis added).

M.C.L. § 600.2932 governs actions to determine interest in land.  It provides that any person claiming "any right in, title to, *equitable* title to, interest in, or right to possession of land, may bring an action in the *circuit courts* against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." (emphasis added).

For obvious reasons, Tindall and Saffady elected not to file this action in Wayne County Circuit Court – where the appeal of Judge Lowe's February 17, 2009 Judgment of Contempt was pending before Judge Sapala, who had ordered Saffady and Tindall removed as Receiver and Counsel for Receiver.

Notably, M.C.L. § 600.2932(5) expressly provides that "[a]ctions under this section are equitable in nature."  And of course, Saffady is claiming an "equitable lien" upon the Property.  Thus, contrary to Saffady's assertions, this action is equitable in nature.

"In an equitable action, a trial court looks at the entire matter and grants or denies relief as dictated by good conscience."  *In re Estate of Moukalled*, 269 Mich.App. 708, 719 (2006).

An "equitable lien" is an equitable remedy for a debt.  15 MICH. CIV. JUR. *Liens* § 4.  In order to lay the foundation for an equitable lien upon real estate, there must be some contract, writing or order regarding that debt "out of which the equity springs."  *Cheff v. Haan*, 269 Mich. 593, 598 (1934).

**Saffady Has No "Equitable Lien" For Unpaid Receiver Fees And Expenses Fails Because There Is No Valid Order Awarding Him Any Fees Or Expenses**

A "receiver derives his authority from statutes and court rules and from the order of appointment and specific orders from which the appointing court may thereafter make." *Band v. Livonia Associates*, 176 Mich.App. 95, 108 (1989).  While receivers have a right to

16

compensation for their services, the amount of compensation awarded to a receiver is determined by the appointing court. *Id.*

The terms of the order appointing Saffady as Receiver so provided that the appointing court would determine whether any fees requested by Receiver would be awarded to the Receiver as reasonable and necessary expenses:

> IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to *reasonable compensation* for the performance of duties pursuant to this Order and for the cost of *actual and reasonable* out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were (1) *reasonably likely to benefit the receivership estate* or (2) *necessary to the administration of the estate*. The receiver and all personnel hired by the receiver shall be compensated solely out of funds now held by or in the possession or control of the Receiver, or, which may in the future be received by the receivership. The Receiver and counsel shall *file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order and subsequent requests filed monthly thereafter. The requests for compensation shall itemize the time to the tenth of an hour and nature of services render by the Receiver and all personnel hired by the Receiver.*

(Ex. 1 to Pl.'s Compl.). Moreover, the order expressly provided that the Receiver "shall be compensated solely out of funds now held by or in the possession or control of the Receiver, or, which may in the future be received by the receivership." (*Id.*).

The most fundamental problem with Saffady's claimed "equitable lien" for unpaid Receiver fees and expenses is that there is no valid order by the appointing court, or any other court for that matter, awarding Saffady the fees and expenses he believes he is owed.

### Judge Lowe's February 17, 2009 Judgment Of Contempt

The only order issued in Case No. 08-C-0988 GC that awarded Saffady *any fees or expenses* is Judge Lowe's February 17, 2009 Judgment of Contempt. That Judgment of

Contempt, however, *was vacated* by the appellate court.  In addition, even if it had not been

vacated, that Judgment of Contempt would not authorize Saffady to seize or impose a lien upon

the Property.  The Property is owned by the Manganos, subject to a mortgage held by Chase.

The Judgment of Contempt issued by Judge Lowe found Lygizos – not the Manganos or Chase –

in contempt and ordered Lygizos to pay those fees and expenses to the Receiver.[4]  Thus, even if

it had not been vacated, Judge Lowe's Judgment of contempt would not support Saffady's claim

in this action.

Judge Lowe did not award Saffady or Tindall any fees or expenses other than those in the

February 17, 2009 Judgment of contempt.

### Saffady And Tindall's Request For Additional Fees And Expenses Was "Denied With Prejudice" By Judge McCann

After the case was reassigned to Judge McCann, she discharged Saffady and Tindall from

their respective positions as Receiver and Receiver's attorney.  (Ex. 15 to Chase's Br.).  On

November 6, 2009, Judge McCann ruled that:

> IT IS FURTHER ORDERED that neither the former Receiver GREGORY
> SAFFADY, nor his attorney, MICHAEL TINDALL are awarded any fees or costs
> other than those provided in Judge Lowe's Judgment of Civil Contempt of
> February 17, 2009 and any claims for additional fees and costs *are denied with
> prejudice.*

(Ex. 16 to Chase's Br.) (emphasis added).  Although she denied their requests for fees and

expenses "with prejudice," Saffady and Tindall continued to seek an award of additional fees

and expenses.  (*See* Ex. 8 to Chase's Br.) (wherein Saffady and Tindall sought $92,569.21 in fees

---

[4]Indeed, Saffady has acknowledged that the February 17, 2009 Judgment of Contempt
order Lygizos to pay fees and expenses.  (*See* Docket Entry No. 57) (Referring to the 2/17/09
Judgment and stating "The Defendant/Judgment Debtor under that Judgment is Attorney John
Lygizos.").

and expenses for alleged actions taken in Michigan courts and $46,206.00 in fees and expenses

for alleged actions taken in the bankruptcy court).  Judge McCann again denied those requested

fees and expenses, ruling:

> *Mr. Saffady and Mr. Tindall have also filed final accountings and have been*
> *awarded substantial fees by Judge Lowe.  It should be clear for the record that is*
> *the original award, granted by Judge Ron Lowe, as there has been no*
> *modification of that Order granted and no further Receiver or Receiver's attorney*
> *fees awarded to Mr. Saffady or Mr. Tindall.*
> *. . . .*
> *The only award is that originally made by Judge Lowe which was subject to*
> *appeal at the time it was made.*

(Ex. 17 to Chase's Br.).[5]

### Judge McCann Did Not Defer Making Determinations Regarding Receiver Fees or Defer Such Rulings To the Bankruptcy Court and Saffady Has Presented No Order From the Bankruptcy Court Awarding Him Any Receiver Fees or Expenses

In his Response Brief, Saffady asserts that the state court did not deny his requested fees

and expenses, but rather, "remanded the issue to the Tennessee Bankruptcy Court for

Determination."  (Pl.'s Br. at 7).  That assertion is contrary to the record.

Saffady's Final Accounting set forth the remaining property in the receivership estate of

the date of that report, September 15, 2009.  It indicated the only remaining property was a

judgment for $1,009.97 against Dependable Auto Care, Inc. and the Property, which was

estimated to be worth $300,000.00 as of October 1, 2008.

In her "Final Order For Payment Of [Successor] Receiver's Fees And Acceptance Of

Final Account," Judge McCann stated, in pertinent part:

---

[5]In addition to denying Saffady and Tindall's requests for fees and expenses, Judge
McCann also ordered Tindall to pay 20% of the successor receiver's fees and expenses.

> There is no finding of accuracy by this Court of Receiver's Final
> Accountings or report.  This Court finds that the Final Account dated September
> 16, 2009, is submitted and accepted . . .
> Any disputes *as to the accounting or as to distribution of assets* should be
> brought before the Bankruptcy Court.

(Ex. 17 to Chase's Br.) (emphasis added).   Judge McCann did not defer making any

determinations regarding receiver fees or expenses or defer such rulings to the Bankruptcy

Court.  To the contrary, she denied Saffady and Tindall's requested fees and expenses "with

prejudice."

In addition, Saffady has not presented the Court with any orders from the Bankruptcy

Court awarding Saffady or Tindall any fees or expenses.

Nor has Saffady provided the Court with any authority to support his outlandish position

that, after having been denied the fees and expenses he requested in the state court action and

having been discharged as Receiver, he can assert an "equitable lien" to recover those same fees

and expenses and can continue to recover additional fees and expenses after being discharged.

Saffady's reliance on *Estate of Price v. Kosmalski*, 2011 WL 1376682 (Mich.App. April

12, 2011) is entirely misplaced.  In that case, the trial court granted the receiver's request for

costs and the trial court placed a lien on the property at issue so that the receiver would be paid

whenever the property was sold.  Moreover, there was no dispute as to the validity of the

expenses awarded by the appointing court.  The case simply did not involve the facts present

here – where after the appointing court discharged the receiver and denied his requested fees and

expenses with prejudice, the receiver ignored those rulings and proceeded to claim an "equitable

lien" on property to recover those same alleged fees.

Accordingly, Saffady has no "equitable lien" for unpaid Receiver fees and expenses and

the Court shall grant summary judgment in favor of Chase.

As Saffady acknowledges in his Response Brief, even if this Court grants summary judgment in favor of Chase, the notice of purported equitable lien that Saffady filed with the Wayne County Register of Deeds may continue to cloud title to the Property. (*See* Pl.'s Br. at 16).

Given that this Court finds that Saffady has no equitable lien on the Property, the Court shall order Tindall to file a copy of this Opinion & Order with the Wayne County Register of Deeds within fourteen (14) days and then file a copy of that recorded document on the docket in this action.

**The Court Shall Impose Sanctions Against Tindall, Pursuant To 28 U.S.C. § 1927**

In it Motion for Summary Judgment, Chase also asks the Court to impose sanctions pursuant to 28 U.S.C. § 1927. Chase asserts that "[a] review of the Court's docket shows that if ever a case involved vexatious actions by someone unreasonably multiplying proceedings," it is this case. (Chase's Br. at 11). In support of its request for sanctions, Chase states:

> Plaintiff's approach – not only in this suit but in the state court and bankruptcy court proceedings – has been to bully anyone that crosses his path through protracted litigation and threats of sanctions. When [Chase] refused to cave in to Plaintiff's demand that it simply turn over title to the property to him, Plaintiff began filing multiple motions for sanctions, attempted to depose the General Counsel of Chase, and tried to sue CFC's counsel. This has caused both CHF and Chase to incur thousands of dollars in defense fees . . .

(Chase's Reply Br. at 4). Chase also notes that Plaintiff filed this action despite the fact that "Plaintiff has never obtained any order from any Court that empowers him to take the action he demands this Court permit." (*Id.*).

The Court agrees that, given the facts in the underlying state court case, the actions taken

21

by Plaintiff's Counsel[6] in this case are egregious and warrant the imposition of sanctions under §

1927.  28 U.S.C. § 1927 governs counsel's liability for excessive costs and provides:

> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally
> the excess costs, expenses, and attorneys' fees reasonably incurred because of
> such conduct.

28 U.S.C. § 1927.

The purpose of § 1927 is to deter dilatory litigation practices and to punish aggressive

tactics that far exceed zealous advocacy.  *Garner v. Cuuahoga County Juvenile Court*, 554 F.3d

624, 644 (6th Cir. 2009).  Section 1927 sanctions require a showing of something less subjective

than bad faith, but something more than negligence or incompetence.  *Red Carpet Studios Div. of*

*Source Advantage, Ltd. v. Sater*, 465 F.3d 642 (6th Cir. 2006).  Sanctions are appropriate under §

1927 where the attorney intentionally abuses the judicial process or knowingly disregards the

risk that his actions will needlessly multiply proceedings.  *Id.*  A sanctioned attorney is required

to personally satisfy the excess costs attributable to his misconduct.  *Id.*

This Court concludes that Plaintiff's Counsel knowingly pursued meritless claims,

intentionally abused the judicial process, and needlessly multiplied the proceedings in this

action.

Tindall was involved in the events underlying this case from day one.  He was aware that

he and Saffady were discharged as Receiver and Receiver's Counsel and that their requested fees

and expenses were denied by Judge McCann with prejudice.  Nevertheless, when Chase

---

[6]The Court cannot impose such sanctions on Saffady because § 1927 does not authorize
the imposition of sanctions on a represented party.  *Rentz v. Dynasty Apparel Industries, Inc.*,
556 F.3d 389, 396 n.6 (6th Cir. 2009).

contacted Tindall about the Property and requested the Saffady's consent to foreclose, Tindall advised Chase that more than $84,000 in fees and expenses were owed to Saffady.

When Chase began to question the claimed fees and expenses, Tindall "updated" the claimed fees and expenses to more than $264,000 and filed a notice of his "equitable lien" with the Wayne County Register of Deeds.

Then, before filing this action, Tindall feigned that he would be filing a petition with Judge Lowe in the state district court case – even though Tindall knew that Judge Lowe had recused himself from the case and that the successor judge, Judge McCann, had already denied Saffady and Tindall's requests for those very same fees "with prejudice."

Tindall then filed this action, asserting that Saffady is owed more than $264,000 in unpaid fees and expenses, although he knew that the only fees and expenses that were ever awarded to Saffady by any court were the fees awarded by Judge Lowe in his February 17, 2009 Judgment of Contempt and that Judge McCann had denied his request for these very same fees and expenses. Tindall also knew that it was Lygizos – not the Manganos – who was ordered to pay the fees and expenses in the February 17, 2009 Judgment of Contempt and that the Judgment of Contempt had been appealed.

Then, after filing this action, Tindall engaged in overly aggressive tactics – aimed at harassing Chase into settling with Saffady -- that unquestionably caused Chase to incur unnecessary legal fees. Those actions include filing frivolous motions and notices seeking sanctions from Chase, seeking to file an amended complaint to assert claims against Chase's counsel in this action, and seeking to depose the General Counsel of Chase after discovery had closed. Sanctions are warranted.

23

In order to allow this Court to determine the amount to be awarded to Chase, the Court shall order Chase to submit a detailed statement of the attorney fees it incurred in this matter, with supporting documentation, no later than January 20, 2012.  Tindall may file a response to that submission no later than February 20, 2012, and Chase may file a Reply no later than February 29, 2012.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Chase's Motion for Summary Judgment is GRANTED and Plaintiff's complaint shall be DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that, within fourteen (14) days of this Opinion & Order, Tindall shall file a copy of this Opinion & Order with the Wayne County Register of Deeds. Within seven (7) days of doing so, Tindall shall file a copy of that recorded document on the docket in this action.

IT IS FURTHER ORDERED that Chase's request for sanctions, pursuant to 28 U.S.C. § 1927, is GRANTED and the Court ORDERS that:

1)  No later than January 20, 2012, Chase shall submit a detailed statement of the attorney fees it incurred in this matter, along with supporting documentation;

2)  No later than February 20, 2012, Tindall may file a response to that submission; and

3)  No later than February 29, 2012, Chase may file a reply to any response filed by Tindall.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 4, 2012

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Court Officer Gregory Saffady,

     Plaintiff,

v.                                   Honorable Sean F. Cox

Chase Home Finance, Inc., *et al.*,      Case No. 10-11965

     Defendants.
_____/

**PROOF OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon counsel of record

on January 4, 2012, by electronic and/or ordinary mail.

                              S/Jennifer Hernandez
                              Case Manager

25